**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MODESTO BACA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-07-21-M |
| ) | |
| PETER D. KEISLER,[1] Acting United States ) | |
| Attorney General; ) | |
| U.S. DEPARTMENT OF JUSTICE; ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is Defendants' Motion to Dismiss [docket no. 6], filed March 12, 2007. On March 29, 2007, plaintiff filed his response, and on April 9, 2007, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.   Background

On April 13, 2005, plaintiff sustained a shoulder injury while employed at the Federal Bureau of Prisons ("BOP"). On April 15, 2005, plaintiff filed a workers' compensation claim in relation to the injury. The injury claim was initially denied, then later granted upon reversal. Plaintiff received monetary damages for his injury as a result of the reversal.

Plaintiff filed this personal injury action, seeking compensatory damages, punitive damages and injunctive relief arising out of his on-the-job injury. Plaintiff asserts the Court has subject matter jurisdiction over this case under two bases: the Federal Tort Claims Act, 28 U.S.C. § 1346, and the Civil Rights Act of 1871, 42 U.S.C. § 1983. Defendants now move to dismiss plaintiff's

---

[1] Effective September 17, 2007, Peter D. Keisler became Acting Attorney General of the U.S. Department of Justice. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Peter D. Keisler is substituted for Alberto Gonzales as defendant in this action.

claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

II.     Standard for Dismissal

A party may move to dismiss claims over which the Court lacks subject matter jurisdiction pursuant to Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1). Generally, Rule 12(b)(1) motions take two forms: (1) a facial attack upon the complaint's allegations as to lack of subject matter jurisdiction, or (2) extrinsic evidence presented in challenging the factual basis upon which subject matter jurisdiction rests. *Johnson v. Denver Pub. Sch.*, Case No. 07-cv-01179-MSK-BNB, 2007 WL 3054984, at 3 (D.Colo. Oct. 18, 2007). A reference to extrinsic materials "does not convert the motion into a Rule 56 motion." *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001).

A motion to dismiss for failure to state a claim should be granted if the set of facts is consistent with the allegations in the complaint, once the claim has been adequately stated. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968 (2007). As the Tenth Circuit prescribes this standard, the new inquiry is whether the complaint contains enough facts to state a claim to relief that is plausible on its face. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The issue in reviewing the sufficiency of plaintiff's complaint is not whether he will prevail, but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court must assume as true all well pleaded facts in plaintiff's complaint and view them in a light most favorable to plaintiff. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Sutton v. Utah State Sch. For the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The Court must construe the pleadings liberally and make all reasonable inferences in favor of plaintiff. *Lafoy v. HMO Colo.*, 988 F.2d 97, 98 (10th Cir. 1993). However, the Court need not accept as true plaintiff's

conclusory allegations.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Additionally, plaintiff is proceeding *pro se*.  "A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110  (emphasis added).  Nevertheless, it is not the "proper function of the district court to assume the role of advocate for the *pro se* litigant."  *Id*. (emphasis added).

III.   Discussion

1.   Federal Employees Compensation Act

The parties agree that plaintiff has received a recovery for his impairment under the Federal Employees Compensation Act ("FECA").  20 C.F.R. § 10.0.  "FECA provides for the payment of workers' compensation benefits to civilian officers and [federal] employees...".  *Id.*  The types of payment under FECA include compensation for wages lost, medical benefits and vocational rehabilitation for "conditions resulting from injuries sustained in performance of duty while in service to the United States".  20 C.F.R. § 10.0(c).  However, there are limitations on the right to receive compensation under FECA with respect to workplace injuries.  5 U.S.C.A. § 8116 *et seq*. "It prohibits actions against the United States by an employee, his legal representative, spouse, dependents, next of kin, or any other person otherwise entitled to recover damages from the United States...because of the employee's injury".  *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193  (1983) (internal citations and quotations omitted).  The United States' liability under FECA is an exclusive remedy, and FECA was designed to protect the government from suits under statutes, such as the Federal Tort Claims Act.  *Id.* at 193-94.  In enacting the FECA provisions, Congress adopted the principle that "employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without the need for litigation, but in return they lose the right to sue the

Government". *Id.*

Plaintiff, in acknowledging the benefits received, states his FECA recompense was for the impairment rating as a result of his injury, and not the injury itself. However, based upon FECA's exclusive remedy provision and plaintiff's receipt of FECA benefits, the Court finds it lacks subject matter jurisdiction over plaintiff's Federal Tort Claims Act claim. Accordingly, the Court grants dismissal of the Federal Tort Claims Act claim for want of subject matter jurisdiction.

      2.     Section 1983

Plaintiff asserts his constitutional rights were violated in contravention of 42 U.S.C. § 1983. Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

42 U.S.C. § 1983. Section 1983 does not apply to federal officials acting under the color of federal law. *Campbell v. Amax Coal Co.*, 610 F.2d 701, 702 (10th Cir. 1979). Furthermore, complaints alleging Section 1983 violations against federal actors should be dismissed for failure to state claim upon which relief may be granted. *Id.*

In this case, plaintiff alleges that BOP officials violated his constitutional rights. BOP officials, however, are federal actors acting under the color of federal law. Accordingly, the Court finds plaintiff's Section 1983 claim should be dismissed for failure to state a claim.

IV.     CONCLUSION

For the reasons set forth in detail above, the Court hereby GRANTS Defendants' Motion to Dismiss and DISMISSES plaintiff's Complaint.

**IT IS SO ORDERED this 29th day of October, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE